UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL DAILEY, *et al.*,

Plaintiffs,

Case No. 3:25-cv-242

vs.

PUBLIC DEFENDER COMMISSION OF MONTGOMERY COUNTY, OHIO, *et al.*,

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

Defendants.

---

**ORDER: (1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT (Doc. No. 28 at PageID 902); (2) REQUIRING PLAINTIFFS TO FILE THEIR SECOND AMENDED COMPLAINT BY SEPTEMBER 7, 2026; (3) DENYING AS MOOT AND WITHOUT PREJUDICE DEFENDANTS' MOTIONS TO DISMISS (Doc. Nos. 20, 23) AS TO PLAINTIFFS' SIXTH AMENDMENT CLAIMS AND DENYING WITHOUT PREJUDICE AND SUBJECT TO RENEWAL DEFENDANTS' MOTIONS TO DISMISS THE REMAINING CLAIMS (Doc. Nos. 20, 23); (4) DENYING AS PREMATURE AND WITHOUT PREJUDICE DEFENDANT MONTGOMERY COUNTY BOARD OF COUNTY COMMISSIONERS' MOTION TO STRIKE THE AMENDED CLASS ALLEGATIONS (Doc. No. 21); AND (5) TERMINATING AS MOOT DEFENDANT MONTGOMERY COUNTY BOARD OF COUNTY COMMISSIONERS' MOTION TO STAY (Doc. No. 22)**

---

Plaintiffs in this civil case allege, in their first amended complaint ("complaint") and through counsel, pay disparities between employees of the Montgomery County, Ohio Office of the Public Defender ("Public Defender's Office") and employees of the Montgomery County, Ohio Prosecutor's Office ("Prosecutor's Office"). Doc. No. 16 at PageID 154. Plaintiffs are current and former employees of the Public Defender's Office. Defendants are three Montgomery County entities: (1) the Public Defender's Office; (2) the Public Defender Commission (collectively with the Public Defender's Office, "PD Defendants"); and (3) and the Board of County Commissioners ("Board"). *Id*. at PageID 153.

Plaintiffs bring claims under 42 U.S.C. § 1983, asserting the alleged pay disparities violate: (1) the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution; (2) the Sixth Amendment to the United States Constitution; and (3) the Ohio Constitution. *Id.* at PageID 170–71, 173–76. Additionally, Plaintiffs bring several claims under Ohio law. *Id.* at PageID 171–72, 176–78. Plaintiffs also seek to proceed as a class action comprised of two classes: (1) all past and present attorney employees of the Public Defender's Office from 2015 to present; and (2) all past and present non-attorney employees of the Public Defender's Office from 2015 to present. *Id.* at PageID 167–70.

This case is before the Court upon the Board's motion to dismiss (Doc. No. 20), the PD Defendants' motion to dismiss (Doc. No. 23), Plaintiffs' combined memorandum in opposition (Doc. No. 28), and Defendants' replies (Doc. Nos. 30, 32). The Board has also filed a motion to strike Plaintiffs' amended class allegations (Doc. No. 21), Plaintiffs have responded (Doc. No. 26), and the Board has replied (Doc. No. 33). Additionally, the Board seeks a stay of this case until the Court rules on its pending motions. Doc. No. 22. Plaintiffs oppose the Board's motion to stay (Doc. No. 27), and the Board replied (Doc. No. 34). The Court has carefully considered all of the foregoing, and the motions to dismiss, motion to strike, and motion to stay are now ripe for decision.

## I. BACKGROUND

Plaintiffs claim, "[t]he annual compensation paid to prosecutors … has far exceeded annual compensation for public defenders of the [Public Defender's Office] … for every year during the Relevant Period[1] and this disparity continues presently."[2] Doc. No. 16 at PageID 165. The alleged

[1] The amended complaint does not specify the dates of the "Relevant Period." Presumably, this will be clarified in Plaintiffs' second amended complaint.

[2] "Public defenders" refer to attorneys working in the Public Defender's Office, while "prosecutors" refer to attorneys working in the Prosecutor's Office.

compensation disparity "make[s] the [Public Defender's Office] less competitive in the search for and hiring of qualified, competent attorneys and staff, leaving the [Public Defender's Office] understaffed and overworked in comparison to the staffing of the [Prosecutor's Office]." *Id*. at PageID 166. According to Plaintiffs, "[t]he vast disparities in compensation and resources between the [Prosecutor's Office] and [the Public Defender's Office] have persisted" and the Public Defender Commission has not "adequately pursued" and "insisted upon" pay and funding parity. *Id*. at PageID 164.

One alleged disparity arises from the Montgomery County Prosecutor's practice of "requesting and accepting funding from the County for numerous vacant prosecutorial positions that go unfilled, but then distributing the funds allocated for those vacant positions as additional year end compensation to bolster the compensation of prosecutors in the prosecutor's office." *Id*. "For example, the highest Montgomery County Prosecutor base salary for 2023 was $191,105.60, with a lump sum of added compensation of $51,566.11, for total compensation of $242,671.71. In contrast, the highest Montgomery County Public Defender salary was $171,745.60, with a lump sum added of $2,012, for total compensation of $173,757.60." *Id*. Plaintiffs describe this disparity as "largess[,] … not an employment 'benefit' given to the Montgomery County Public Defenders, none of whom receive bonuses close to those numbers or as percentages of their salaries." *Id*.

## II. LEGAL STANDARDS

### A. Motions to Dismiss

At the motion to dismiss stage, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quotation omitted). The Court "construe[s] the complaint in the light

most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Winget*, 510 F.3d at 582–83 (citation omitted) (quotation omitted).

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (citation modified).

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

**B. § 1983**

To raise a claim under 42 U.S.C. § 1983, Plaintiffs' allegations must show: (1) a violation of their rights secured by the Constitution or laws of the United States (2) committed by a person acting under color of state law. *See Stafford v. Sugarcreek Twp.*, No. 3:22-cv-136, 2025 WL 2295200, at *5 (S.D. Ohio Aug. 8, 2025) (citing *Littler v. Ohio Ass'n of Pub. School Emps.*, 88

F.4th 1176, 1180 (6th Cir. 2023)), *aff'd*, Case No. 25-3925, 2026 WL 1865449 (6th Cir. June 29, 2026).

## III. DISCUSSION

### A. Equal Protection, Due Process, and Ohio State-Law Claims

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendants' motions to dismiss, along with the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments concerning Plaintiffs' Equal Protection, Due Process, and Ohio state-law claims on summary judgment, not earlier at the motion-to-dismiss phase of litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *Id.*; *cf. Humphreys v. Bank of Am.*, 557 Fed. App'x 416, 422 (6th Cir. 2014); *Grose v. Caruso*, 284 Fed. App'x 279, 284 (6th Cir. 2008) (Gibbons, J., concurring); *Nuchols v. Berrong*, 141 Fed. App'x 451, 453 (6th Cir. 2005); *LRL Prop. V. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1113 (6th Cir. 1995) (Jones, J., dissenting).

For the above reasons, Defendants' motions to dismiss as to Plaintiffs' Equal Protection, Due Process, and Ohio state-law claims are **DENIED WITHOUT PREJUDICE AND SUBJECT TO RENEWAL**.

### B. Sixth Amendment Claim and Article III Standing

Plaintiffs further claim the alleged lack of pay and funding parity violates their existing clients' Sixth Amendment right to the adequate assistance of counsel established by *Gideon v. Wainwright*, 372 U.S. 335 (1963). Doc. No. 16 at PageID 154–67, 175–76. Defendants contend

Plaintiffs lack the requisite standing to litigate a Sixth Amendment claim on behalf of their clients.[3] Doc. No. 20 at PageID 759–78; Doc. No. 23 at PageID 821–24.

The standing requirement is a jurisdictional mandate arising under Article III of the Constitution. *See Henry v. Blank*, 167 F.4th 375, 380 (6th Cir. 2026) ("'Article III of the United States Constitution limits the jurisdiction of federal courts to actual Cases and Controversies.'") (citation modified) (quoting *Dayton Area Chamber of Com. v. Kennedy*, 147 F.4th 626, 632 (6th Cir. 2025)). Generally, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief of the legal rights or interests of third parties." *Henry*, 167 F.4th at 381 (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). However, a third party may assert the rights of another where "the party asserting the right has a close relationship with the person who possesses the right and there is a hindrance to the possessor's ability to protect his own interests." *Id.* (citation modified).

Plaintiffs primarily rely on *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617 (1989) and *Fieger v. Ferry*, 471 F.3d 637 (6th Cir. 2006) in support of their third-party standing argument. Doc. No. 28 at PageID 889–90. In *Caplin*, the Supreme Court "found the [attorney] plaintiff had standing to raise the Sixth Amendment rights of his client." *Kowalski v. Tesmer*, 543 U.S. 125, 131 (2004) (citing *Caplin & Drysdale*, 491 U.S. at 624, n. 3). *Caplin* does not support Plaintiffs' standing assertion because the attorney plaintiff in *Caplin* asserted the Sixth Amendment right of a known, actual client. Here, Plaintiffs have not specifically identified one or more of their current clients with whom they have a "close relationship." *See e.g.*, *Henry*, 167 F.4th at 381 (quoting *Warth*, 422 U.S. at 499). Further, in *Fieger*, the Sixth Circuit found the attorney plaintiff had Article III standing without reaching the issue of whether he had third-party

[3] Defendants challenge Plaintiffs' standing only on their Sixth Amendment claim. *See* Doc. No. 20 at PageID 759–78; Doc. No. 23 at PageID 821–24.

standing based on his client's interests. 471 F.3d at 643–44.[4]

While there are concerns about Plaintiffs' third-party standing on behalf of alleged, unspecified clients, the Court notes that Plaintiffs, in their responsive briefing, alternatively move for leave to amend the complaint. Doc. No. 28 at PageID 902. Accordingly, the Court **GRANTS** Plaintiffs' motion for leave to amend. The Court **REQUIRES** Plaintiffs to file their second amended complaint by **September 7, 2026**. Finally, given that a second amended complaint will be filed soon, Defendants' motions to dismiss as to Plaintiffs' Sixth Amendment claims are **DENIED AS MOOT AND WITHOUT PREJUDICE**.

### C. Class Allegations

Plaintiffs bring class allegations pursuant to Ohio Rule of Civil Procedure 23.[5] Doc. No. 16 at PageID 167. The Board has moved to strike the class allegations on two primary grounds. Doc. No. 21. First, they argue class treatment in this case is improper because Plaintiffs' proposed class definitions are overbroad. Doc. No. 21 at PageID 787. Second, they claim Plaintiffs have failed to meet the commonality, predominance, and superiority requirements set forth by Rule 23. *Id*. at PageID 790–802. Plaintiffs contend, among other things, the motion to strike is premature. Doc. No. 26 at PageID 847–48. The Court agrees.

"A court may strike class action allegations before a motion for class certification where the complaint itself demonstrates that the requirements for maintaining a class action cannot be

[4] There is no need to reach Plaintiffs' reliance on the discussion and finding of third party standing in *NetChoice, LLC v. Yost*, 778 F.Supp.3d 923, 941–42 (S.D. Ohio 2025) because, on appeal, the Sixth Circuit concluded NetChoice lacked third-party standing. *NetChoice, LLC v. Yost*, 180 F.4th 268, 285, 297 (6th Cir. 2026).

[5] However, "[t]he Federal Rules of Civil Procedure are the rules of practice which apply to civil actions in the federal courts, regardless of whether jurisdiction is based on federal question or diversity of citizenship." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993)). Therefore, Fed. R. Civ. P. 23 governs the class allegations in this case, not Ohio R. Civ. P. 23.

met." *Kimber Baldwin Designs, LLC v. Silv Commc'ns., Inc.*, Case No. 1:16-cv-448, 2016 WL 10520133, at *1 (S.D. Ohio Dec. 15, 2016) (citing *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 945 (6th Cir. 2011)). However, "courts should exercise caution when striking class allegations based solely on the pleadings[.]" *Boykin v. Procter & Gamble Co.*, No. 1:23-cv-427, 2025 WL 962806, at *2 (S.D. Ohio Mar. 31, 2025) (quoting *Geary v. Green Tree Servicing, LLC*, No. 2:14-CV-00522, 2015 WL 1286347, at *16–17 (S.D. Ohio Mar. 20, 2015)). The Sixth Circuit has noted district courts have a duty to engage in a "rigorous analysis" before ruling on the class certification question. *Pilgrim*, 660 F.3d at 949 (quoting *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982)).

Plaintiffs have not yet moved to certify their class, and the parties have not conducted discovery on the class certification issue. Without the benefit of discovery, the Court is unable to conduct the necessary "rigorous analysis" at this stage in the proceedings. Accordingly, the Court **DENIES AS PREMATURE AND WITHOUT PREJUDICE** the Board's motion to strike Plaintiffs' amended class allegations.

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs' motion for leave to amend their amended complaint (Doc. No. 28 at PageID 902) is **GRANTED**. Plaintiffs are **REQUIRED** to file their second amended complaint by **September 7, 2026**. Defendants' motions to dismiss (Doc. Nos. 20, 23) are **DENIED AS MOOT AND WITHOUT PREJUDICE** as to Plaintiffs' Sixth Amendment claims and **DENIED WITHOUT PREJUDICE AND SUBJECT TO RENEWAL** as to the remaining claims. Plaintiffs' Equal Protection, Due Process, and Ohio state-law claims remain pending. The Board's motion to strike amended class allegations (Doc. No. 21) is **DENIED AS PREMATURE AND WITHOUT PREJUDICE**. Finally, the Board's motion to

stay all proceedings pending resolution of its motion to dismiss the amended complaint (Doc. No. 22) is **TERMINATED AS MOOT**.

**IT IS SO ORDERED.**

August 18, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge